UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § | Civil Action No. _____ |
| v. | § § | |
| AMAZON.COM, INC., | § | JURY TRIAL REQUESTED |
| Defendant. | § § | |

**PLAINTIFF MOBILE TELECOMMUNICATIONS
TECHNOLOGIES, LLC'S ORIGINAL COMPLAINT**

Plaintiff Mobile Telecommunications Technologies, LLC ("MTel" or "Plaintiff") files this complaint against Amazon.com, Inc. ("Amazon") for infringement of U.S. Patent Nos. 5,809,428 (the "'428 Patent"), 5,754,946 (the "'946 Patent"), and 5,786,748 (the"'748 Patent") (together, the "Patents-in-Suit") pursuant to 35 U.S.C. § 271 and alleges as follows:

**THE PARTIES**

1. Plaintiff MTel is a Delaware corporation with its principal place of business at 1720 Lakepointe Drive, Suite 100, Lewisville, TX 75057.

2. MTel owns a portfolio of pioneer patents developed by Mobile Telecommunication Technologies Corp. ("MTel Corp.") and its related entities, such as Destineer and SkyTel Communications.

3. MTel Corp. was a pioneer in wireless communications. MTel Corp. launched the world's first two-way wireless paging service, dubbed SkyTel 2-Way.

4. Defendant Amazon.com, Inc. ("Amazon") is incorporated in Delaware State with its headquarters at 1200 12th Avenue South, Suite 1200, Seattle, WA 98144.  Pursuant to Federal Rule of Civil Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code, and Article 2.11

of the Texas Business Corporations Act, the Texas Secretary of State is designated as Amazon's agent for service of process in this action. The Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified mail, return receipt requested.  Pursuant to section 17.045(a) of the Civil Practice and Remedies Code, the Secretary of State shall forward citation and a copy of this Complaint to Amazon's home or home office, c/o Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

## JURISDICTION AND VENUE

5. This is an action for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code, 35 U.S.C. §§ 1 et. seq.  This Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a).  Venue is proper under 28 U.S.C. §§ 1391(a) & (c), and 1400(b).

6. This Court has personal jurisdiction over Amazon under the laws of the State of Texas, including the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE § 17.042.

Amazon has been, and currently is, continuously and systematically conducting business in this jurisdiction and throughout Texas.  Amazon has systemically, continuously, and purposely harmed MTel in this jurisdiction by making, using, importing, offering for sale, or selling infringing communication networks, network operations centers, mobile units, related hardware, or related software that infringe one or more claims of the '428 Patent and/or the '946 Patent.  Amazon has systemically, continuously, and purposely harmed MTel in this jurisdiction by knowingly contributing to or inducing infringement of one or more claims of the '428 Patent and/or the '946 Patent.

## THE PATENTS-IN-SUIT

7. The United States Patent and Trademark Office ("USPTO") duly and legally issued on September 15, 1998, United States Patent No. 5,809,428, entitled "Method and Device

for Processing Undelivered Data Messages in a Two-Way Wireless Communications System." Plaintiff is the assignee of all right, title, and interest in and to the '428 Patent and holds the exclusive right of recovery under the '428 Patent, including the exclusive right to recover for past and future infringement of the '428 Patent.  The '428 Patent is valid and enforceable.  Each and every claim of the '428 Patent enjoys a statutory presumption of validity.  35 U.S.C. § 282. A true and correct copy of the '428 Patent is attached hereto as Exhibit A.

8. The '428 Patent describes and claims, *inter alia*, methods, systems, and devices for storing undeliverable messages, such as e-mail and SMS messages.

9. The USPTO duly and legally issued on May 19, 1998, United States Patent No. 5,754,946 entitled "Nationwide Communication System."  Plaintiff is the assignee of all right, title and interest in and to the '946 Patent and holds the exclusive right of recovery under the '946 Patent, including the exclusive right to recover for past, present, and future infringement of the '946 Patent.  The '946 Patent is valid and enforceable.  Each and every claim of the '946 patent enjoys a statutory presumption of validity.  35 U.S.C. §282.  A true and correct copy of the '946 Patent is attached hereto as Exhibit B.

10. The '946 Patent describes and claims, *inter alia*, devices and networks that provide for the transmission of unreceived portions of a message.

11. On July 28, 1998, the USPTO duly and legally issued after a full and fair examination United States Patent No. 5,786,748, titled "Method and Apparatus for Giving Notification of Express Mail Delivery."  A true and correct copy of the '748 Patent is attached hereto as Exhibit C.  MTel is the assignee of all right, title and interest in and to the '748 Patent and possesses the exclusive right of recovery under the '748 Patent, including the exclusive right

to recover for past and future infringement of the '748 Patent. The '748 Patent is valid and enforceable.

12.     The '748 Patent discloses, describes, and claims, *inter alia*, methods and apparatuses for informing customers of the status of delivery of ordered goods.

## FIRST CLAIM FOR RELIEF
### (INFRINGEMENT OF UNITED STATES PATENT NO. 5,809,428)

13.     Plaintiff reincorporates Paragraphs 1 through 13 as though fully set forth herein.

14.     Amazon, without authorization or license, has been and is now directly or indirectly infringing one or more patents claims of the '428 Patent in violation of 35 U.S.C. § 271 as stated below.

15.     Amazon's customers and all end-users of Amazon devices, equipment, products, or services are direct infringers of the '428 Patent.

16.     Amazon has knowledge of the '428 Patent and acts and will continue to act with an objectively high likelihood that its actions constitute infringement of that valid patent. Such infringement demonstrates a deliberate and conscious decision to infringe, or at least a reckless disregard of MTel's patent rights, entitling MTel to up to treble damages.

17.     Amazon has directly infringed, literally and/or under the doctrine of equivalents, and will continue to directly infringe each patent claim of the '428 Patent by making, using, selling, offering to sell, and/or importing in the United States network operation centers (e.g., XMPP (or similar protocol)-compliant servers and/or other networking components) and mobile units (i.e., all models of Amazon's Kindle that run the Android operating system, for example, Kindle Fire 1st Gen, Kindle Fire 2nd Gen, Kindle Fire HD 7" 16GB, Kindle Fire HD 7" 32GB, Kindle Fire HD 8.9" 16GB, Kindle Fire HD 8.9" 32GB, Kindle Fire HD 8.9" 4G LTE 32GB, Kindle Fire HD 8.9" 4G LTE 64GB, Kindle Fire HDX 7", Kindle Fire HDX 8.9") that provide

XMPP-(or similar protocol) compliant messaging services and applications (e.g., ChatON, Google Cloud Messaging ("GCM"), Google Talk/Hangouts, Agile Messenger, AIO Instant Messenger, Asia IM, Beejive, Beem, Bluejabb IM XMPP, BombusMod, BombusQD, Bria Android, Bruno the Jabber Bear, Business Communicator, Callpoint, ChatCat Multilingual, IM App, CIM, Crolix Communicator, Dodo, Facebook Chat, Gibberbot, Google Talk Chat and XMPP, GTalkShare, GTalkSMS, GTalkSMS Donate, Handsfree SMS , Hotweb (Beta), ICall: Free Calls + Text , iChat XMPP,IM GreenBug Beta, IM+, imov Messenger, Intelli IM, Jabiru , jTalk, Juick Advanced, Max Call, Maxis BizVoice, Mimi Location (Family Safety), MoliCity Talk Talk, Mundu IM Lite, My Message, myChatDroid, NFC XMPP Intent, OctroTalk, Paint Chat, Profile, PSChat Lite, SecureChat, Servers Ultimate & Servers, Ultimate Pro, Simple XMPP Client, SMSWiFi (Beta), Spicy XMPP Chat Client, Talkonaut, TextOne, Tigase Messenger, Trillian, Twinsee – free video calls, Unique Dial SIP Softphone, Vegas Mobile, Voice Chat for Car Free, VoIP Video SIP softphone, Wauwl, WCS Mobile AIR, Xabber, Xabber VIP, XMessager, XMPP notify, XMPP notify full, XMPP Server & XMPP Server Pro, and Yaxim) (collectively, "Messaging Services") that embody or practice the method of each claim of the '428 Patent.  These applications are preinstalled on the mobile devices before delivery to the end-user or are provided by or through Amazon's App Store or the Google Play App Store.

18. The use by end users of Messaging Services on the accused mobile units also practices the methods of the '428 Patent.  Such use by the end users is direct patent infringement of the '428 Patent.  Amazon has and will continue to contribute to and induce the infringement of end users by intentionally instructing and otherwise encouraging infringement and by providing infringing mobile units and compatible Messaging Services preinstalled and for installation after activation of Amazon-branded mobile devices.  The Messaging Services and mobile devices

have features relevant to the end users' direct infringement that have no substantially non-infringing uses other than to operate and perform as claimed by one or more claims of the '428 Patent. The Amazon-branded mobile devices are specially enabled for utilizing the Messaging Services. Amazon encourages end users to use the Messaging Services and intends the end users to use its Amazon-branded mobile units enabled with at least one Messaging Service as contemplated by the claims of the '428 Patent. Amazon intentionally contributes to and induces direct infringement of the '428 Patent with knowledge that its actions constitute infringement of the '428 Patent since at least the filing or service of this action.

19. Amazon also intentionally encourages and instructs Mobile Network Operators (*e.g.*, AT&T, Sprint, Verizon) and/or retailers to make, use, import, sell, and/or offer to sell Amazon Android mobile devices that Amazon knows infringe each claim of the '428 Patent. Amazon provides detailed instructions and support regarding how to operate mobile devices and network operation centers in manners that infringe the '428 Patent. Amazon also induces infringement by, for example, entering marketing and sales agreements and by providing components used in infringement, technical support, advertisements, marketing materials, instruction booklets, user guides, email services, messaging services, and/or service manuals.

## SECOND CLAIM FOR RELIEF
### (INFRINGEMENT OF UNITED STATES PATENT NO. 5,754,946)

20. Plaintiff reincorporates Paragraphs 1 through 20 as though fully set forth herein.

21. Amazon, without authorization or license, has been and is now directly or indirectly infringing one or more patents claims of the '946 Patent in violation of 35 U.S.C. § 271 as stated below.

22. Amazon's customers and all end-users of Amazon devices, equipment, products, or services are direct infringers of the '946 Patent.

23. Amazon has knowledge of the '946 Patent and acts and will continue to act with an objectively high likelihood that its actions constitute infringement of that valid patent. Such infringement demonstrates a deliberate and conscious decision to infringe, or at least a reckless disregard of MTel's patent rights, entitling MTel to up to treble damages.

24. Amazon directly infringes, literally and/or under the doctrine of equivalents, and will continue to directly infringe each claim of the '946 Patent by making, using, selling, offering to sell, and/or importing into the United States mobile devices (*i.e.*, all models of Amazon's Kindle that run the Android operating system, for example, Kindle Fire 1st Gen, Kindle Fire 2nd Gen, Kindle Fire HD 7" 16GB, Kindle Fire HD 7" 32GB, Kindle Fire HD 8.9" 16GB, Kindle Fire HD 8.9" 32GB, Kindle Fire HD 8.9" 4G LTE 32GB, Kindle Fire HD 8.9" 4G LTE 64GB, Kindle Fire HDX 7", Kindle Fire HDX 8.9") that include or are compatible with messaging services and other applications that allow for message retransmission (*e.g.*, Gmail, Calendar) and embody claims and/or practice the methods of the '946 Patent.

25. The use by end users of messaging services and other applications that allow for message retransmission on the accused mobile devices and networks also directly infringes each of the claims of the '946 Patent. Amazon has and will continue to contribute to and induce the infringement of end users by intentionally instructing and otherwise encouraging infringement by end users by providing manuals and similar instructions on the operation of its mobile units and compatible messaging services and other applications that allow for message retransmission. For example, Amazon instructs end users on ways and methods of retrieving portions of email and other messages. The messaging features utilized by the mobile units to infringe the '946 Patent have no substantial non-infringing uses other than to operate as claimed by one or more claims of the '946 Patent. Amazon intentionally contributes to and induces direct infringement

of the '946 Patent with knowledge that its actions constitute infringement of the '946 Patent since at least the filing or service of this action.

26. Amazon also intentionally encourages and instructs Mobile Network Operators (*e.g.*, AT&T, Sprint, Verizon) and/or retailers to make, use, import, sell, and/or offer to sell Amazon Android mobile devices and communication networks that Amazon knows infringe each claim of the '946 Patent. Amazon provides detailed instructions and support regarding how to operate mobile devices, communication networks, and network operation centers in manners that infringe the '946 Patent. Amazon also induces infringement by, for example, entering marketing and sales agreements and by providing components used in infringement, technical support, advertisements, marketing materials, instruction booklets, user guides, email services, messaging services, and/or service manuals.

## THIRD CLAIM FOR RELIEF
### (INFRINGEMENT OF UNITED STATES PATENT NO. 5,786,748)

27. Amazon has directly infringed and will continue to directly infringe by making, using, selling, offering for sell, and/or importing into the United States a delivery notification service that embodies and/or practices the claims of the '748 Patent. Amazon provides a tracking and notification services to customers who purchase Amazon products directly from Amazon. The shipping notification sends updates (including changes in estimated delivery dates/times) regarding the status of express mail shipments to a customer's email address or mobile number.

28. The use by end users of Amazon's tracking and notification services also directly infringes each of the claims of the '748 Patent. Amazon has and will continue to contribute to and induce infringement by end users by intentionally instructing and otherwise encouraging infringement by end users by providing manuals and similar instructions regarding the operation of Amazon's services. Amazon's tracking and notification services have no substantial non-

infringing uses other than to operate as claimed by one or more claims of the '748 Patent. Amazon intentionally contributes to and induces direct infringement of the '748 Patent with knowledge that its actions constitute infringement of the '748 Patent since at least the filing or service of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. That Amazon be adjudged to have infringed the Patents-in-Suit, directly and indirectly, by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents;

B. That Amazon, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from directly or indirectly infringing the Patents-in-Suit;

C. That Plaintiff be awarded damages sufficient to compensate Plaintiff for Amazon's infringement, pursuant to 35 U.S.C. § 284;

D. That Amazon be directed to pay Plaintiff pre-judgment and post-judgment interest and costs for Plaintiff bringing this lawsuit, in accordance with 35 U.S.C. § 284;

E. That Amazon be directed to pay enhanced damages, including Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

F. That Plaintiff receive such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury of any and all issues triable of right before a jury.

| | |
|---|---|
| Dated: October 29, 2013 | Respectfully Submitted,<br><br>/s/ *Daniel R. Scardino*<br>Daniel R. Scardino<br>Texas State Bar No. 24033165<br>John L. Hendricks<br>Texas State Bar No. 00785954<br>Mark W. Halderman<br>Texas State Bar No. 24077403<br>REED & SCARDINO LLP<br>301 Congress Avenue, Suite 1250<br>Austin, TX  78701<br>Tel. (512) 474-2449<br>Fax (512) 474-2622<br>dscardino@reedscardino.com<br>jhendricks@reedscardino.com<br>mhalderman@reedscardino.com<br>**ATTORNEYS FOR PLAINTIFF MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC** |