IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | ) ) | CASE NO. 2:13-cv-00883-JRG-RSP |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | PATENT CASE |
| | ) | |
| AMAZON.COM, INC., | ) | |
| Defendant. | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |

**MOTION OF AMAZON.COM, INC. TO DISMISS
PLAINTIFF'S CLAIMS FOR INDIRECT AND WILLFUL
<u>INFRINGEMENT FOR FAILURE TO STATE A CLAIM</u>**

**TABLE OF CONTENTS**

STATEMENT OF FACTS -------------------------------------------------------------- 1

    I.      The Alleged Indirect Infringement of the '428 Patent ---------------------2

    II.     The Alleged Indirect Infringement of the '946 Patent ---------------------3

    III.    The Alleged Indirect Infringement of the '748 Patent ---------------------4

    IV.    The Alleged Willful Infringement of the Patents-in-Suit ------------------5

ARGUMENT ------------------------------------------------------------------------- 5

    I.      Legal Authority --------------------------------------------------------------5

    II.     MTEL's Complaint Fails to State a Claim for Inducement ----------------6

          A.    The Complaint Fails to State a Claim for Inducement of the '428 Patent ---------------------------------------------------------6

          B.    The Complaint Fails to State a Claim for Inducement of the '946 Patent ---------------------------------------------------------9

          C.    The Complaint Fails to State a Claim for Inducement of the '748 Patent -------------------------------------------------- 10

    III.    MTEL's Complaint Fails to State a Claim for Contributory Infringement ---------------------------------------------------------------- 11

    IV.    MTEL's Complaint Fails to State a Claim for Willful Infringement ------------------------------------------------------------- 13

CONCLUSION ------------------------------------------------------------------- 15

# TABLE OF AUTHORITIES

*Cases*                                                                                                    *Page(s)*

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)------------------------------------------------------------------------ 5-7

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007)-------------------------------------------------------------------------5, 7

In re Bill of Lading Transmission and Processing Sys. Patent Litig.,
    681 F.3d 1323 (Fed. Cir. 2012) ----------------------------------------------------------*passim*

Compound Photonics, Ltd. v. Sony Corp.,
    No. 6:11-CV-00552-LED-JDL (E.D. Tex. June 5, 2013) --------------------------------8

Global-Tech Appliances, Inc. v. SEB S.A.,
    131 S. Ct. 2060 (2011)------------------------------------------------------------ 6, 9, 10, 13

Grobler v. Sony Computer Entm't Am. LLC,
    5:12-CV-01526-LHK, 2013 WL 308937 (N.D. Cal. Jan. 25, 2013)--------------------8

Gustafson, Inc. v. Intersystems Indus. Prods., Inc.,
    897 F.3d 508 (Fed. Cir. 1990) --------------------------------------------------------------- 14

MONEC Holding AG v. Motorola Mobility, Inc.,
    897 F. Supp. 2d 225 (D. Del. 2012) ---------------------------------------------------- 10, 14

Pacing Techs., LLC v. Garmin Int'l, Inc.,
    No. 12-cv-1067, 2013 U.S. Dist. LEXIS 15728 (S.D. Cal. Feb. 5, 2013) ----------- 14

Realtime Data, LLC v. Stanley,
    721 F. Supp. 2d 538 (E.D. Tex. 2010) -------------------------------------------------- 8, 15

Santiago v. Warminster Twp.,
    629 F.3d 121 (3d Cir. 2010) ------------------------------------------------------------------6

In re Seagate Tech., LLC,
    497 F.3d 1360 (Fed. Cir. 2007) --------------------------------------------------------- 13, 14

Superior Indus., LLC v. Thor Global Enters. Ltd.,
    700 F.3d 1287 (Fed. Cir. 2012) ---------------------------------------------------------- 8, 10

U.S. Ethernet Innovations, LLC v. Digi Int'l, Inc.,
    No. 6:12-cv-235 (lead case) MHS-JDL (E.D. Tex. April 2, 2013) -------------- 11, 13

Wistron Corp. v. Phillip M. Adams & Associates, LLC,
    C-10-4458 EMC, 2011 WL 4079231 (N.D. Cal. Sept. 12, 2011)--------------------- 12

Xpoint Techs., Inc. v. Microsoft Corp.,
    730 F. Supp. 2d 349 (D. Del. 2010) --------------------------------------------------------- 11

*Statutes:*

35 U.S.C. § 271(b) ----------------------------------------------------------------------------------6

35 U.S.C. § 271(c) ---------------------------------------------------------------------------- 11, 12

*Rules:*

Fed. R. Civ. P. 8 ----------------------------------------------------------------------------- 14

Fed. R. Civ. P. 8(a) --------------------------------------------------------------------- 1, 5, 15

Fed. R. Civ. P. 12(b)(6) ---------------------------------------------------------------- 1, 5, 15

Fed. R. Civ. 11(b) --------------------------------------------------------------------- 14, 15

Pursuant to FED. R. CIV. P. 12(b)(6), Defendant Amazon.com, Inc. ("Amazon") respectfully moves this Court to dismiss the indirect and willful infringement allegations in Mobile Telecommunications Technologies, LLC's ("MTEL's") complaint.   MTEL accuses Amazon of directly and indirectly infringing three U.S. patents.  (*See* Dkt. No. 1 (Compl.) ¶¶ 13-19, 20-26, & 27-28.)  MTEL further alleges that Amazon's infringement of two of the three patents has been willful since at least service of MTEL's complaint. (*Id.* ¶¶ 16, 23.)  MTEL's indirect and willful infringement allegations, however, fail to satisfy the pleading standards of FED. R. CIV. P. 8(a) because they are nothing more than threadbare recitations of law and conclusory statements that do not support a plausible inference that Amazon indirectly or willfully infringes the patents-in-suit.  MTEL's indirect and willful infringement allegations against Amazon should therefore be dismissed for failing to state a claim.

## STATEMENT OF FACTS

On October 29, 2013, MTEL filed a complaint against Amazon alleging that Amazon directly infringes, induces others to infringe, and contributes to infringement of U.S. Patent Nos. 5,809,428 (the "'428 patent"), 5,754,946 (the "'946 patent"), and 5,786,748 (the "'748 patent") (collectively, the "patents-in-suit").  (*Id.* ¶¶ 13-28.)  The complaint describes the Amazon products accused of infringing each of these patents as follows:

The '428 Patent Accused Products:

> [N]etwork operation centers (e.g., XMPP (or similar protocol)-compliant servers and/or other networking components) and mobile units (i.e., all models of Amazon's Kindle that run the Android operating system, for example, Kindle Fire 1st Gen, Kindle Fire 2nd Gen, Kindle Fire HD 7" 16GB, Kindle Fire HD 7" 32GB, Kindle Fire HD 8.9" 16GB, Kindle Fire HD 8.9" 32GB, Kindle Fire HD 8.9" 4G LTE 32GB, Kindle Fire HD 8.9" 4G LTE 64GB, Kindle Fire HDX 7", Kindle Fire HDX 8.9") that provide XMPP- (or similar protocol) compliant messaging services and applica-

tions . . . (collectively, "Messaging Services") that embody or prac-
tice the method of each claim of the '428 Patent.

(*Id.* ¶ 17 (listing exemplary XMPP-compliant messaging services and applica-
tions)).

> The '946 Patent Accused Products:

> [M]obile devices (i.e., all models of Amazon's Kindle that run the
> Android operating system, for example, Kindle Fire 1st Gen . . .)
> that include or are compatible with messaging services and other
> applications that allow for message retransmission (e.g., Gmail,
> Calendar.) and embody claims and/or practice the methods of the
> '946 Patent.

(*Id.* ¶ 21.)

> The '748 Patent Accused Products:

> [A] tracking and notification services to customers who purchase
> Amazon products directly from Amazon. The shipping notification
> sends updates (including changes in estimated delivery
> dates/times) regarding the status of express mail shipments to a
> customer's email address or mobile number.

(*Id.* ¶ 27.)

## I.      The Alleged Indirect Infringement of the '428 Patent

In its complaint, MTEL asserts claims for both induced and contributory in-
fringement of the '428 patent.  In support of both indirect infringement theories, MTEL
alleges that "Amazon's customers and all end-users of Amazon devices, equipment,
products, or services are direct infringers of the '428 Patent."  (*Id.* ¶ 15.)  MTEL further
alleges that "[t]he use by end users of Messaging Services on the accused mobile units
also practices the methods of the '428 Patent.  Such use by the end users is direct patent
infringement of the '428 Patent."  (*Id.* ¶ 18.)

> MTEL also alleges that

> Amazon has and will continue to contribute to and induce the in-
> fringement of end users by intentionally instructing and otherwise
> encouraging infringement and by providing infringing mobile units
> and compatible Messaging Services preinstalled and for installa-
> tion after activation of Amazon-branded mobile devices. The Mes-
> saging Services and mobile devices have features relevant to the
> end users' direct infringement that have no substantially non-

infringing uses other than to operate and perform as claimed by one or more of the claims of the '428 Patent. The Amazon-branded mobile devices are specially enabled for utilizing the Messaging Services. Amazon intentionally contributes to and induces direct infringement of the '428 Patent with knowledge that its actions constitute infringement of the '428 Patent since at least the filing or service of this action.

(*Id.* ¶ 18.)

MTEL further alleges that

Amazon also intentionally encourages and instructs Mobile Network Operators (e.g., AT&T, Sprint, Verizon) and/or retailers to make, use, import, sell, and/or offer to sell Amazon Android mobile devices that Amazon knows infringe each claim of the '428 Patent. Amazon provides detailed instructions and support regarding how to operate mobile devices and network operation centers in manners that infringe the '428 Patent. Amazon also induces infringement by, for example, entering marketing and sales agreements and by providing components used in infringement, technical support, advertisements, marketing materials, instruction booklets, user guides, email services, messaging services, and/or service manuals.

(*Id.* ¶ 19.)

## II.    The Alleged Indirect Infringement of the '946 Patent

As with the '428 patent, MTEL's complaint includes claims for both induced and contributory infringement of the '946 patent. In support of both indirect infringement claims, MTEL alleges that "Amazon's customers and all end-users of Amazon devices, equipment, products, or services are direct infringers of the '946 Patent" and that end users' use of messaging services and other applications allowing for message retransmission directly infringes the '946 Patent. (*Id.* ¶¶ 22, 25.)

MTEL further alleges that

Amazon has and will continue to contribute to and induce the infringement of end users by intentionally instructing and otherwise encouraging infringement by end users by providing manuals and similar instructions on the operation of its mobile units and compatible messaging services and other applications that allow for message retransmission. The messaging features utilized by the

> mobile units to infringe the '946 Patent have no substantial non-infringing uses other than to operate as claimed by one or more claims of the '946 Patent. Amazon intentionally contributes to and induces direct infringement of the '946 Patent with knowledge that its actions constitute infringement of the '946 Patent since at least the filing or service of this action.

(*Id.* ¶ 25.)

MTEL additionally alleges that

> Amazon also intentionally encourages and instructs Mobile Network Operators (e.g., AT&T, Sprint, Verizon) and/or retailers to make, use, import, sell, and/or offer to sell Amazon Android mobile devices and communication networks that Amazon knows infringe each claim of the '946 Patent. Amazon provides detailed instructions and support regarding how to operate mobile devices, communication networks, and network operation centers in manners that infringe the '946 Patent. Amazon also induces infringement by, for example, entering marketing and sales agreements and by providing components used in infringement, technical support, advertisements, marketing materials, instruction booklets, user guides, email services, messaging services, and/or service manuals.

(*Id.* at ¶ 26.)

### III.    The Alleged Indirect Infringement of the '748 Patent

As with the '426 and '946 patents, MTEL asserts claims for both induced and contributory infringement of the '748 patent. To support both indirect infringement claims, MTEL identifies the end users of Amazon's "tracking and notification services" as direct infringers. (*See id.* ¶ 28.)

Also in support of both indirect infringement theories, MTEL alleges that

> Amazon has and will continue to contribute to and induce infringement by end users by intentionally instructing and otherwise encouraging infringement by end users by providing manuals and similar instructions regarding the operation of Amazon's services. Amazon intentionally contributes to and induces direct infringement of the '748 Patent with knowledge that its actions constitute infringement of the '748 Patent since at least the filing or service of this action.

(*Id.* ¶ 28.)

## IV.    The Alleged Willful Infringement of the Patents-in-Suit

MTEL asserts willful infringement of the '478 and '946 patents (but not the '748 patent).  In support of its willfulness claims, MTEL alleges that "Amazon has knowledge of the '428 [and '946] Patent[s] and acts and will continue to act with an objectively high likelihood that its actions constitute infringement" and that "such infringement demonstrates a deliberate and conscious decision to infringe, or at least a reckless disregard of MTEL's patent rights, entitling MTel to up to treble damages."  (*Id.* ¶¶ 16, 23).

## ARGUMENT

## I.    Legal Authority

The Court should dismiss claims in a complaint if they fail to "state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  According to the United States Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*"), to state a claim in satisfaction of FED. R. CIV. P. 8(a), a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  Without requiring at least facial plausibility, "claim[s] would survive a motion to dismiss whenever the pleadings left open the *possibility* that a plaintiff might later establish some set of [undisclosed] facts to support recovery." *Id.* at 561 (emphasis added) (internal citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("*Iqbal*").  Thus, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S.

at 555, 557).  In short, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[1]  *Id.* at 678-79; *accord Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) ("[W]e disregard legal conclusions and 'recitals of the elements of a cause of action, supported by mere conclusory statements.'") (citation omitted).

## II.     MTEL's Complaint Fails to State a Claim for Inducement.

To plead a claim for induced infringement, a patentee must affirmatively plead "facts plausibly showing that [defendant] specifically intended [its] customers to infringe the [patent] and knew that the customer's acts constituted infringement."  *In re Bill of Lading*, 681 F.3d at 1339; *accord Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011) ("[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement.").

### A.     The Complaint Fails to State a Claim for Induced Infringement of the '428 Patent.

MTEL accuses Amazon of inducing infringement of the '428 patent by "intentionally instructing and otherwise encouraging infringement and by providing infringing mobile units and compatible Messaging Services preinstalled and for installation after activation of Amazon-branded mobile devices," and encouraging the use of "Amazon-branded mobile units enabled with at least one Messaging Service as contemplated by the claims of the '428 Patent."  (Compl. ¶ 18.)  MTEL claims that "Amazon also intentional-

---

[1] MTEL cannot rely on Form 18 of the Appendix of Forms to the Federal Rules of Civil Procedure with respect to its indirect and willful infringement claims because Rule 18 does not apply to claims of indirect infringement.  *See, e.g.*, *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) ("[W]e must look to Supreme Court precedent for guidance regarding the pleading requirements for claims of indirect infringement.").

ly encourages and instructs Mobile Network Operators … and/or retailers to make, use, import, sell, and/or offer to sell Amazon Android mobile devices," and that Amazon induces infringement by, "for example, entering marketing and sales agreements and by providing components used in infringement, technical support, advertisements, marketing materials, instruction booklets, user guides, email services, messaging services, and/or service manuals."  (*Id.* ¶ 19.)

In *In re Bill of Lading*, the Federal Circuit provided clear guidance on when an inducement claim is sufficiently pled under *Iqbal* and *Twombly*.  *See generally* 681 F.3d 1323 (Fed. Cir. 2012).  In order to assess whether the plaintiff has pled facts sufficient from which to reasonably infer inducement, the first step is to determine what the patent generally claims.  *See id.* at 1341 (characterizing the general disclosure of the patent-in-suit).  Next, to determine whether the complaint includes sufficient facts from which to plausibly infer the requisite intent to encourage others to infringe, the pled facts must be compared to what the patent covers.  *Id.* at 1342-1346.  For example, the complaint at issue in *In re Bill of Lading* cited specific advertising statements, including, *inter alia*, that "In–Cab Scanning is designed to enable drivers to scan and transmit critical transportation documents … to more *quickly and surely dispatch loads and assign drivers*."  *Id.* at 1343 (emphasis in original).  And, only because the Federal Circuit concluded that such advertising "[w]hen viewed in the context of the invention … give rise to the reasonable inference that [defendant] advertises the benefits of its products to induce its customers to infringe," was inducement held sufficiently pled under *Iqbal* and *Twombly*.  *Id.* at 1344.

MTEL's complaint falls short of meeting the standard articulated by the Federal Circuit.  Conclusory allegations that Amazon encourages others to use handheld units with "Messaging Services" *per se*, without citing to any particular statements made by

Amazon vis-à-vis such alleged encouragement, do not give rise to a reasonable inference that Amazon encourages or intends its customers to infringe a patent allegedly covering "methods, systems, and devices for storing undeliverable messages, such as e-mail and SMS messages" (Compl. ¶ 8), or that Amazon knew such acts would constitute infringement. *See Superior Indus., LLC v. Thor Global Enters. Ltd.*, 700 F.3d 1287, 1296 (Fed. Cir. 2012) (affirming dismissal of induced infringement allegation in complaint because "Superior does not allege any facts to support a reasonable inference that Thor specifically intended to induce infringement of the [patent-in-suit] or that it knew it had induced acts that constitute infringement"); *Grobler v. Sony Computer Entm't Am. LLC*, 5:12-CV-01526-LHK, 2013 WL 308937, at *3 (N.D. Cal. Jan. 25, 2013) (dismissing Grobler's claim for induced infringement because there were no factual allegations to establish that Sony knew "Sony's customers' downloading of rental movies would infringe").

Indeed, this Court has dismissed inducement claims based on similar allegations for failing to give rise to a reasonable inference that the defendant intended to encourage infringement by others. *See, e.g.*, *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 541, 544 (E.D. Tex. 2010) (dismissing inducement claims based upon defendant's sales of "data compression products and/or services covered by at least one claim of the [patent-in-suit]"); *Compound Photonics, Ltd. v. Sony Corp.*, No. 6:11-CV-00552-LED-JDL (Dkt. No. 74 at 8) (E.D. Tex. June 5, 2013) (recommendation of magistrate to dismiss inducement claim because plaintiff "fails to allege facts sufficient to infer that [defendant] had the requisite knowledge of third party infringement").

MTEL's complaint also fails to properly plead the "knowledge" element of an inducement claim.  To plead a claim for inducement, plaintiffs must plead facts demonstrating that the defendant had knowledge of the patents at issue, as well as "knowledge

that the induced acts constitute patent infringement." *Global-Tech Appliances*, 131 S. Ct. at 2068.  Here, MTEL's allegations that "Amazon has knowledge of the '428 [and '946] Patent[s]" (Compl. ¶¶ 16, 23)[2] are wholly conclusory and without any factual support about when or how Amazon gained knowledge, providing yet another basis to dismiss MTEL's indirect infringement claims, particularly to the extent they apply to conduct before the service of the complaint.

### B.  The Complaint Fails to State a Claim for Induced Infringement of the '946 Patent.

MTEL accuses Amazon of inducing infringement of the '946 patent by "providing manuals and similar instructions on the operation of its mobile units and compatible messaging services and other applications that allow for message retransmission," and "instruct[ing] end users on ways and methods of retrieving portions of email and other messages." (Compl. ¶ 25.)  MTEL alleges that "Amazon also intentionally encourages and instructs Mobile Network Operators … and/or retailers to make, use, import, sell, and/or offer to sell Amazon Android mobile devices and communication networks," and that "Amazon also induces infringement by, for example, entering marketing and sales agreements and by providing components used in infringement, technical support, advertisements, marketing materials, instruction booklets, user guides, email services, messaging services, and/or service manuals." (*Id*. ¶ 26.)  Thus, MTEL's inducement claim relies on allegations that Amazon sells accused products, and instructs third parties how to use those products – the very type of allegations that other courts have found insufficient to support a claim for inducement.

---

[2]  MTEL does not include even this conclusory allegation of knowledge for the '748 patent.

For example, in *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 234 (D. Del. 2012), the court found that "conclusory averments" that defendant's indirect infringement resulted from "each Defendant's conduct in selling, advertising, supplying and instructing its respective customers on the use of the infringing product . . . contain no factual support to establish the requisite 'intent.'"  Therefore, the court held that "[a]llegations of the marketing activities of the Defendants do not, on their own, demonstrate that Defendants knew such activities were infringing or that Defendants possessed the specific intent to encourage another's infringement." *Id.*

Further, one cannot plausibly infer that Amazon knew it was inducing its customers to infringe the '946 patent merely by instructing them on how to retrieve portions of emails without facts supporting that Amazon knew of the '946 patent and knew its challenged conduct to be infringing. *Id.*; *Global-Tech Appliances*, 131 S. Ct. at 2068.  Again, by relying on conclusory allegations that Amazon "intentionally contributes to and induces direct infringement of the '946 Patent" (Compl. ¶ 25), MTEL fails to state a claim for inducement.  *See Superior Indus., LLC*, 700 F.3d at 1296 (affirming dismissal of induced infringement allegation in complaint because "Superior does not allege any facts to support a reasonable inference that Thor specifically intended to induce infringement").

### C.   The Complaint Fails to State a Claim for Induced Infringement of the '748 Patent.

MTEL alleges that Amazon induces infringement of the '748 patent by "providing manuals and similar instructions regarding the operation of Amazon's services." (Compl. ¶ 28.)  Although a different patent number and accused product have been substituted, these are the same allegations MTEL makes with respect to, for example, the '946 patent, which Amazon allegedly infringes by "providing manuals and similar in-

structions on the operation of its mobile units and compatible messaging services." (*Id.* ¶ 25.)  With this nebulous reference to supposed "instructions," MTEL provides no more factual specificity for its '748 patent inducement claim than it does for its '946 and '428 patent inducement claims[3], and, accordingly, MTEL's allegations concerning the '748 patent fail for the same reasons that its '946 and '428 patent inducement allegations do.

### III.    MTEL's Complaint Fails to State a Claim for Contributory Infringement.

An alleged infringer is liable for contributory infringement under 35 U.S.C. § 271(c) for selling, offering to sell, or importing into the United States "a component of an infringing product knowing [the component] to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use."  *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 356 (D. Del. 2010) (internal quotation omitted).  To state a claim for contributory infringement, a complaint must (i) identify the component of an infringing product that is "sold or offered for sale by Defendants," and (ii) "plead facts that allow an inference that [these] components have no substantial non-infringing uses."  *U.S. Ethernet Innovations, LLC v. Digi Int'l, Inc.*, No. 6:12-cv-235-MHS-JDL (lead case) (Dkt. No. 187 at 5) (E.D. Tex. April 2, 2013) (internal quotations and citations omitted).

MTEL fails on both counts.  Unable to identify an actual component sold by Amazon for incorporation into an allegedly infringing product sold by others, MTEL either fabricates the alleged "components" from an unspecified subset of features of the accused products, or simply claims the accused products—in their entirety—are the required

---

[3]    In fact, MTEL provides less specificity for the '748 patent.  *See, e.g.*, footnote 3, *supra*.

components.   Specifically, MTEL suggests that, with respect to the '428 Patent, the "Messaging Services and mobile devices have *features relevant to the end users' direct infringement* that have no substantially non-infringing uses"—meaning that MTEL is identifying the "features" as the component Amazon supplies to contributorily infringe. (Compl. ¶ 18) (emphasis added.)  Similarly, with respect to the '946 patent, MTEL identifies the "messaging features utilized by the mobile units" as having no substantial non-infringing use, again indicating that MTEL is identifying the messaging features as "components." (*Id.* ¶ 25.)

These features of the accused products are not "components" within the meaning of 35 U.S.C. § 271(c).  If a feature of an accused product were a component within the meaning of Section 271(c), then there would be no distinction between direct infringement by sale of a product with allegedly infringing features and contributory infringement based on those same features.  This cannot be the case.  Because it has failed to identify "components" under Section 271(c), MTEL fails to state a claim for contributory infringement of either the '428 or '946 patent.  *See Wistron Corp. v. Phillip M. Adams & Associates, LLC*, C-10-4458 EMC, 2011 WL 4079231, at *6 (N.D. Cal. Sept. 12, 2011) (dismissing contributory infringement claim in part "for failure to provide the requisite specificity regarding which components are at issue").  And MTEL's allegations concerning contributory infringement of the '748 patent do not even contemplate a component separate from the accused product: rather, MTEL's complaint identifies the "tracking and notification services"—which *are* the accused product—as having no substantial non-infringing use.  (*Id.* ¶ 28.)

Even assuming that MTEL had properly identified a "component" sold by Amazon, MTEL's complaint still fails to set forth any facts to plausibly support that the ac-

cused features and services have no substantial non-infringing uses.  Rather, with respect to each accused product, MTEL relies on the wholly conclusory allegation that the accused feature or product at issue "has no substantial non-infringing uses other than to operate [] as claimed by one or more of the claims of the [asserted] Patent." (*Id.* ¶¶ 18, 25, 28.)  MTEL sets forth no facts in support of this recitation of a legal element of contributory infringement.  In addition, MTEL's conclusory allegations fail to place Amazon on the requisite notice of the basis of its claim since, as discussed above, MTEL has concocted the alleged "components" from generic features of the accused products, or, as in the case of the '748 patent, the "component" is indistinguishable from the accused product itself.[4]  Moreover, for the reasons discussed above with respect to MTEL's inducement claims, MTEL's complaint also fails to state a claim for contributory infringement because it fails to properly allege knowledge by Amazon of the patents-in-suit.  *See Global-Tech Appliances*, 131 S. Ct. at 2068.

### IV.    MTEL's Complaint Fails to State a Claim for Willful Infringement.

To establish willful infringement, a patentee must demonstrate that (i) "the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," and (ii) "this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer."  *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).  At the pleading stage, a plaintiff alleging a cause of action for

---

[4]    Further, by relying on Amazon's "instructions" and "manuals" to encourage end users to infringe, MTEL's complaint "creates an inference that [the Amazon accused products/features] might otherwise be used in a non-infringing manner." *U.S. Ethernet Innovations, LLC*, No. 6:12-cv-235 at 5.

willful infringement must "plead facts giving rise to at least a showing of objective reck-lessness of the infringement risk." *MONEC* 897 F. Supp. 2d at 236.  MTEL's conclusory allegation that Amazon "acts and will continue to act with an objectively high likelihood that its actions constitute infringement" (Compl. at ¶¶ 16, 23) is plainly insufficient.

In addition, allegations for willful infringement "must necessarily be grounded exclusively" in a defendant's pre-filing conduct. *Seagate*, 497 F.3d at 1374.  These standards apply equally to *pleading* willful infringement. *Id.* ("It is certainly true that patent infringement is an ongoing offense that can continue after litigation has com-menced.  However, when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement.") (citing FED. R. CIV. P. 8, 11(b)).  Therefore, even if MTEL's willfulness allegations were sufficiently specific—which they are not—they fail to meet *Seagate*'s requirement that they be grounded *exclusively* in Amazon's pre-filing conduct.

Moreover, MTEL's willfulness claims must be dismissed because, as discussed above, MTEL has failed to properly plead knowledge of the patents by Amazon.  *See Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.3d 508, 511 (Fed. Cir. 1990) ("[A] party cannot be found to have 'willfully' infringed a patent of which the party had no knowledge."); *Pacing Techs., LLC v. Garmin Int'l, Inc.*, No. 12-cv-1067, 2013 U.S. Dist. LEXIS 15728, at *10 (S.D. Cal. Feb. 5, 2013) (to survive a motion to dismiss will-ful patent infringement claim, a complaint must plead more than bare allegation of actual knowledge).

As is apparent from its complaint, MTEL lacks a good faith basis to allege willful infringement against Amazon.  MTEL does not even attempt to allege any pre-suit knowledge of the patents-in-suit.  Nor does MTEL allege any facts from which it can

plausibly be inferred that Amazon was objectively reckless with respect to the patents-in-suit.  Therefore, MTEL's claims for willful infringement and the related request for enhanced damages, (*Id*. at Prayer for Relief part E), should be dismissed.  *See, e.g.*, *Realtime Data*, 721 F. Supp. 2d at 545 (dismissing willful infringement allegation for failing to plead facts indicating plaintiff is entitled to relief, and falling short of the "good faith" evidentiary basis required by Rule 11(b)).

## CONCLUSION

For all of the foregoing reasons, Amazon respectfully requests that this Court grant its motion and dismiss MTEL's claims for indirect and willful infringement pursuant to FED. R. CIV. P. 12(b)(6) for failing to meet the pleading standards of FED. R. CIV. P. 8(a) as clarified by the United States Supreme Court in *Iqbal* and *Twombly*, and interpreted by the Federal Circuit and courts in this district.

Respectfully submitted,

*/s/ Jennifer H. Doan*
Jennifer H. Doan
Texas Bar No. 08809050
Joshua R. Thane
Texas Bar No. 24060713
HALTOM & DOAN
Crown Executive Center, Suite 100
6500 Summerhill Road
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
Email: jdoan@haltomdoan.com
Email: jthane@haltomdoan.com


GREENBERG TRAURIG, LLP

Mary-Olga Lovett
Texas Bar No. 00789289
Southern District of Texas Bar No. 17743
Email: LovettM@gtlaw.com
1000 Louisiana Street Suite 1700
Houston, TX 77002
Telephone:  (713) 374-3500
Facsimile:  (713) 374-3505

Scott J. Bornstein
Email: BornsteinS@gtlaw.com
Joshua L. Raskin (*Application Pending*)
Email: RaskinJ@gtlaw.com
MetLife Building
200 Park Avenue
New York, NY 10166

COUNSEL FOR DEFENDANT
AMAZON.COM, INC.

**CERTIFICATE OF SERVICE**

Pursuant to Local Civil Rule 5 (d), I hereby certify that a true and correct copy of the foregoing document has been served upon all counsel of record via the Court's CM/ECF system on January 27, 2014.


*/s/ Jennifer H. Doan*
Jennifer H. Doan