UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § § CIVIL ACT. NO. 2:13-cv-883-JRG-RSP § § JURY TRIAL REQUESTED § § § § |
| Plaintiff, | |
| v. | |
| AMAZON.COM, INC. | |
| Defendant. | |

**MTEL'S RESPONSE TO AMAZON.COM, INC.'S MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR INDIRECT AND WILLFUL INFRINGEMENT FOR FAILURE TO STATE A CLAIM (DKT. NO. 14)**

**TABLE OF CONTENTS**

I.  MTEL'S CLAIMS SATISFY THE PLEADING STANDARDS
    OF THE EASTERN DISTRICT .......................................................................................... 1

    A.  MTel's Claims for Indirect Infringement Satisfy the Pleading
        Requirements of the Eastern District. ......................................................................... 1

        1.  MTel's Claim for Indirect Infringement Satisfies
            the Pleading Standard. ................................................................................. 2

        2.  MTel's Complaint Contains Sufficient Facts Alleging the
            Identity of a Direct Infringer. ....................................................................... 2

        3.  MTel's Complaint Contains Sufficient Facts Showing
            That Amazon Specifically Intended a Third Party to Commit Acts. ........... 3

        4.  MTel's Complaint Contains Sufficient Facts Alleging
            Amazon Knew the Actions of Direct Infringers Infringed. .......................... 4

    B.  MTel's Claims for Contributory Infringement Satisfy the
        Pleading Requirements. .............................................................................................. 5

        1.  MTel's Claim for Contributory Infringement Satisfies the
            Pleading Standard. ....................................................................................... 5

        2.  MTel's Complaint Identifies the "Material or Apparatus"
            Amazon Contributes to the Practice of the Patented Process. .................... 6

        3.  MTel's Complaint Adequately Pleads That the Products
            do not have any Substantial Non-Infringing Use. ........................................ 7

    C.  MTel's Claims for Willful Infringement of the Asserted Patents
        Satisfy the Pleading Requirements. ............................................................................ 8

II. CONCLUSION ............................................................................................................... 10

# TABLE OF AUTHORITIES

**FEDERAL CASES**                                                                                                               Page(s)

*Achates Reference Pub., Inc. v. Symantec Corp.*,
  2:11-CV-294-JRG-RSP, 2013 WL 693955 (E.D. Tex. Jan. 10, 2013) ............................ *passim*

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ..............................................................................................................1

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................................................1

*In re Bill of Lading*,
  681 F.3d at 1339 ....................................................................................................................7, 8

*HTC Corp. v. Tech. Properties Ltd.*,
  5:08-CV-00882-PSG, 2013 WL 5225043 (N.D. Cal. Sept. 17, 2013) ...................................10

*i4i Ltd. Partnership v. Microsoft Corp.*,
  670 F. Supp. 2d 568 (E.D. Tex. 2009) .....................................................................................7

*InMotion Imagery Technologies v. Brain Damage Films*,
  2:11-CV-414-JRG, 2012 WL 3283371 (E.D. Tex. Aug. 10, 2012) .........................................5

*Lodsys, LLC v. Brother Int'l Corp.*,
  No. 2:11-cv-90-JRG, 2012 WL 760729 (E.D. Tex. Mar. 8, 2012) ......................................2, 8

*Lone Star Document Mgmt., LLC v. Atalasoft, Inc.*,
  2:11-CV-00319-JRG, 2012 WL 4033322 (E.D. Tex. Sept. 12, 2012) .....................................7

*Loramand v. US Unwired, Inc.*,
  565 F.3d 228 (5th Cir. 2009) ....................................................................................................1

*MobileMedia Ideas LLC v. HTC Corp.*,
  No. 2:10-cv-112, 2011 WL 4347037 (E.D. Tex. Sept. 15, 2011) ........................................2, 9

*In re Seagate*,
  497 F.3d at 1374 .......................................................................................................................9

**Rules**

Rule 8(a)(2) ......................................................................................................................................1

Defendant Amazon.com's Motion to Dismiss (Dkt. No. 12) should be denied. MTel's Complaint details Amazon's infringement of the Asserted Patents and alleges indirect, contributory, and willful infringement sufficient to put Amazon on notice. When taken as true, with all inferences drawn in MTel's favor, these allegations show that MTel is entitled to the relief sought. Accordingly, the Court should deny the motion and allow the matter to proceed. In the alternative, MTel requests leave to amend.

## I. MTEL'S CLAIMS SATISFY THE PLEADING STANDARDS OF THE EASTERN DISTRICT.

In the Fifth Circuit, motions to dismiss are disfavored and rarely granted. *Loramand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (2012). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Instead, a pleading must provide the defendant "fair notice of what the [plaintiff's] claim is and the grounds upon which it rests." *Id.* at 555. Further, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

### A. MTel's Claims for Indirect Infringement Satisfy the Pleading Requirements of the Eastern District.

MTel identifies direct infringers, shows how Amazon intends the infringement by making the accused features mandatory, and alleges Amazon has

knowledge that these activities constitute infringement since at least the filing of the Complaint.

### 1. MTel's Claim for Indirect Infringement Satisfies the Pleading Standard.

MTel's Complaint need only allege three things: (1) a generically identified group that directly infringes; (2) facts plausibly showing that the defendant specifically intended for the direct infringers to infringe; and (3) facts plausibly showing that the defendant knew the direct infringers' acts constituted infringement. *See MobileMedia Ideas LLC v. HTC Corp.*, No. 2:10-cv-112, 2011 WL 4347037, *3 (E.D. Tex. Sept. 15, 2011); *Achates Reference Pub., Inc. v. Symantec Corp.*, 2:11-CV-294-JRG-RSP, 2013 WL 693955 (E.D. Tex. Jan. 10, 2013) *report and recommendation adopted*, 2:11-CV-294-JRG-RSP, 2013 WL 693885 (E.D. Tex. Feb. 26, 2013). MTel is not, however, required to "'prove itself at the pleading stage.'" *Compound Photonics, Ltd v. Sony Corp.*, No. 6-11-cv-552 (Dkt. No. 74) at 7 (E.D. Tex. June 5, 2013) (citing *In re Bill of Lading*, 681 F.3d at 1339).

### 2. MTel's Complaint Contains Sufficient Facts Alleging the Identity of a Direct Infringer.

The plaintiff needs only "at least generically identify a direct infringer with respect to the indirect infringement claims." *MobileMedia Ideas LLC*, 2011 WL 4347037 at *3 (internal citations omitted). The identity of the direct infringer can even be inferred from the complaint. *See Lodsys, LLC v. Brother Int'l Corp.*, No. 2:11-cv-90-JRG, 2012 WL 760729, *3 (E.D. Tex. Mar. 8, 2012).

MTel does more than merely infer the identity of the direct infringers. For the '428 and '946 Patents, MTel identifies each direct infringer by category:

Amazon's customers; all end-users of Amazon devices, equipment, products, or services; and Mobile Network Operators (e.g., AT&T, Sprint, Verizon). (Complaint, Dkt. No. 1 at ¶¶ 15, 19, 22, 26). For the '748 Patent, MTel identifies "end users" of Amazon's tracking and notification services as direct infringers. (Complaint, Dkt. No. 1 at ¶ 28). Thus, MTel's Complaint contains sufficient facts alleging a direct infringer—a point which Amazon does not, and cannot, contest.

### 3. MTel's Complaint Contains Sufficient Facts Showing That Amazon Specifically Intended a Third Party to Commit Acts.

MTel's Complaint shows that Amazon specifically intended its customers, end-users, and Mobile Network Operators to infringe the Asserted Patents. It permissible to infer that a defendant encouraged the actions of direct infringers by selling a product that requires use of the infringing feature. *See Achates Reference Pub.*, 2013 WL 693955 at *2 (holding it is reasonable to infer that, by selling a software product with a mandatory activation step, the defendant encouraged its customers to use the product and complete the activation step).

MTel's Complaint identifies specific actions by which Amazon specifically intends the identified direct infringers to infringe. MTel alleges that Amazon has, and will continue, to intend its customers and end-users to infringe the '428 Patent by "providing infringing mobile units and compatible Messaging Services preinstalled and for installation after activation of Amazon-branded mobile devices," which are "specially enabled for utilizing the Messaging Services." (Complaint, Dkt. No. 1 at ¶ 18). Similarly, MTel alleges Amazon specifically intends those groups to infringe the '946 Patent because Amazon provides "manuals

and similar instructions on the operation of its mobile units and compatible messaging services and other applications that allow for message retransmission." (Complaint, Dkt. No. 1 at ¶ 25). As an example, MTel identifies the instructions Amazon provides to its users on the "ways and methods of retrieving portions of e-mail and other messages." (*Id.*). Finally, MTel alleges Amazon intends for the end-users of Amazon's tracking and notification services to infringe the '748 Patent providing manuals and similar instructions regarding the operation of Amazon's services." (Complaint, Dkt. No. 1 at ¶ 28).

Amazon sells devices and products (e.g., the Kindle Fire HD 7" 16GB) with software programs pre-installed on the device. Those software programs, or features of them, infringe the '428 and '946 Patents. Amazon also provides a shipping service, which infringes the '748 Patent, in connection with these devices that allows end-users to monitor the status of their shipment. Similar to a mandatory activation step that end users must take in order to use the purchased software, the end-users of these devices must use these pre-installed programs in order to use the device for its intended purpose. Similarly, an end-user of Amazon's tracking service must use the entire service. Thus, MTel has sufficiently pleaded facts to support its claim that Amazon intends the actions of direct infringers to infringe.

### 4. MTel's Complaint Contains Sufficient Facts Alleging Amazon Knew the Actions of Direct Infringers Infringed.

MTel also alleges Amazon knew the actions of direct infringers constituted infringement. MTel's Complaint alleges, "Amazon intentionally contributes to and

induces direct infringement of the [Asserted Patents] with knowledge that its actions constitute infringement of the [Asserted Patents] since at least the filing or service of this action." (Complaint, Dkt. No. 1 at ¶¶ 18, 25, 28). Under Eastern District law, this is sufficient to maintain a pleading for induced infringement. *See Achates Reference Pub.*, 2013 WL 693955 at \*3 (denying a motion to dismiss and finding that the defendant had knowledge of the patent … since at least the time of the filing of the Complaint and, because the Complaint alleges that the infringement is on-going, that it is plausible that some induced infringement has occurred during the pendency of this case).

### B. MTel's Claims for Contributory Infringement Satisfy the Pleading Requirements.

MTel identifies the features that infringe the '428 and '946 Patents, even citing to a specific e-mail program as an example. MTel also identifies the entire Apple Shipping and Notification service, which infringes the method claims of the '748 Patent. Because any such use of these products or the method by the end-user unconditionally includes use of the infringed features, MTel has sufficiently pleaded that the components do not have any substantial non-infringing use.

#### 1. MTel's Claim for Contributory Infringement Satisfies the Pleading Standard.

To state a claim for contributory infringement, Eastern District law requires the plaintiff to: (1) "identify the 'material or apparatus for use in practicing [the] patented process' that is sold or offered for sale by Defendants; and (2) plead facts that allow an inference that [these] components … have no substantial non-infringing uses." *InMotion Imagery Technologies v. Brain Damage Films*, 2:11-CV-

414-JRG, 2012 WL 3283371, *3 (E.D. Tex. Aug. 10, 2012) (citing *In re Bill of Lading*, 681 F.3d at 1337). MTel's Complaint meets both of these requirements.

### 2. MTel's Complaint Identifies the "Material or Apparatus" Amazon Contributes to the Practice of the Patented Process.

MTel identifies the components it accuses of contributing to the infringement of the Asserted Patents. For the '428 Patent, MTel identifies the Messaging Services and provides numerous examples of infringing messaging applications. (Complaint, Dkt. No. 1 at ¶¶ 17-18). For the '946 Patent, MTel identifies "compatible messaging services and other applications that allow for message retransmission" and provides the e-mail application as an example. (*Id*. at ¶ 25). For both patents, MTel identifies ten Amazon devices, by name. (*Id*. at ¶ 18, 24). For the '748 Patent, MTel identifies Amazon's tracking and notification service. (*Id*. at ¶ 28). Amazon does not argue, nor can it, that MTel does not adequately identify the products and features MTel accuses of contributing to infringement.

Instead, Amazon relies on foreign case law to argue that MTel's claim for contributory infringement should be dismissed because MTel "either fabricates the alleged 'components' from an unspecified subset of features of the accused products, or simply claims the accused products—in their entirety—are the required components." (Dkt. No. 14 at 11-12). Amazon's novel distinction regarding features and components should be rejected. The Eastern District has denied motions to dismiss claims of contributory infringement regarding software features, and entire methods, such as the shipping and tracking notification service accused of infringing the '748 Patent. *See i4i Ltd. Partnership v. Microsoft Corp.*, 670 F. Supp.

2d 568, 579 (E.D. Tex. 2009) (accusing defendant of selling an infringing XML feature as part of a larger software program); *Achates Reference*, 2013 WL 693955 at *2 (accusing the defendant of selling infringing software products that perform the patented methods steps).[1]

### 3. MTel's Complaint Adequately Pleads That the Products do not have any Substantial Non-Infringing Use.

A plaintiff need only "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *Lone Star Document Mgmt., LLC v. Atalasoft, Inc.*, 2:11-CV-00319-JRG, 2012 WL 4033322, *3 (E.D. Tex. Sept. 12, 2012) (citing *In re Bill of Lading,* 681 F.3d at 1337). "In the context of a claim of contributory infringement under § 271(c), a substantial non-infringing use is any use that is 'not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.'" *In re Bill of Lading*, 681 F.3d at 1337 (citing *Vita–Mix Corp. v. Basic Holdings, Inc.*, 581 F.3d 1317, 1327–29 (Fed.Cir. 2009)).

MTel's claims for contributory infringement of the Asserted Patents are not conditional. If the direct infringer uses the accused product or service as Amazon designed it to be used, the direct infringer infringes the Asserted Patents. The '428 and '946 Patents apply to software and features of hardware products for use in messaging applications and for retransmitting user-specified content, respectively. When end-users use Amazon wireless devices to transmit and receive messages, the

---

[1] Amazon's argument that MTel's claim for contributory infringement should be rejected because MTel fails to properly allege knowledge by Amazon of the patents-in-suit should also be rejected. *See Achates Reference Pub.*, 2013 WL 693955 at *2 (finding that "there is no requirement to allege pre-suit knowledge of the patent to state a claim for contributory infringement" and holding there is no reason to suggest "that the Complaint itself is not sufficient to provide knowledge of the asserted patents for alleged acts of contributory infringement occurring during the pendency of the case").

use infringes the '428 Patent. When end-users use Amazon wireless devices to open e-mails, read news stories, or download e-books, the use infringes the '946 Patent.

Similarly, the '748 Patent claims a method wherein a company transmits notifications to customers, informing them of the status of their delivery. When a customer signs up for Amazon's tracking and notification services, Amazon transmits messages notifying the customer of the progress of their shipment. Such use is not conditional. *See In re Bill of Lading*, 681 F.3d at 1388 (dismissing plaintiff's claim for contributory infringement because it was merely the "most logical or useful purpose for [plaintiff's] product"). There is no other way for the accused products to work.

    **C.    MTel's Claims for Willful Infringement of the Asserted Patents Satisfy the Pleading Requirements.**

This District has "observed that, much like direct infringement and its pleading requirements in accordance with Form 18 and Federal Circuit law, the bar for pleading willful infringement is not high." *Lodsys, LLC v. Brother Int'l Corp.*, 2:11-cv-90-JRG, 2012 WL 760729, at *4 (E.D. Tex. Mar. 8, 2012) (citing *Fotomedia Techs., LLC v. AOL, LLC*, 2:07–CV–255, 2008 WL 4135906, at *2 (E.D. Tex., Aug.29, 2008)). All that is required is "some limited factual basis regarding knowledge." *Id.* Furthermore, the pleading standard requires a court to "draw all reasonable inferences in favor of the plaintiffs." *In re Bill of Lading*, 681 F.3d 1323, 1331 (Fed. Cir. 2012). MTel's pleading satisfies these requirements.

Amazon's Motion relies almost exclusively on the *In re Seagate* decision of the Federal Circuit. (Dkt. No. 14 at 13-14). Amazon claims this decision applies to

pleading requirements and requires the plaintiff's allegations to be "'grounded exclusively' in a defendant's pre-filing conduct." (Dkt. No. 14 at 14 (citing *In re Seagate*, 497 F.3d at 1374). Amazon's Motion should be denied for three reasons.

First, this Court has explicitly held that the *In re Seagate* decision does not apply to pleading requirements, but was in fact a decision on evidentiary matters. *See Mobile Media Ideas LLC*, 2011 WL 4347037 at *2 ("[T]o the extent [Defendant] is arguing that *In re Seagate* sets forth the pleading requirements for willful infringement, the Court agrees with the Northern District of California court that stated that *In re Seagate* only addresses the 'evidence' necessary 'to establish' willful infringement, not the prerequisites for pleading willful infringement, let alone that anything more than a good faith allegation of willfulness is required.").

Second, this Court has held that a plaintiff's allegations may be grounded in both pre and post-filing conduct. *See id.* at *2 (denying the defendant's motion to strike the plaintiff's claims of willful infringement). While some courts have required a plaintiff that seeks to support a claim of willful infringement by alleging only post-filing conduct to also move for a preliminary injunction, the Eastern District has held this is not a *per se* rule. *Affinity Labs*, 2009 WL 9091275 at *3. In addition, many of the courts that impose such a requirement also recognize an exception for when the parties are not direct competitors. *See e.g., HTC Corp. v. Tech. Properties Ltd.*, 5:08-CV-00882-PSG, 2013 WL 5225043 (N.D. Cal. Sept. 17, 2013) (internal citations omitted) ("Patentees who neither practice the invention nor directly compete with the accused infringer are 'excused from *Seagate's* rule….'").

Finally, MTel properly pleaded knowledge of the patents. (*See* §§ A.4; B.3; *supra*). MTel has shown that there is no requirement to plead pre-suit knowledge of the patent in support of a claim of induced infringement. *See Achates Reference Pub.*, 2013 WL 693955 at *3 (denying a motion where defendant had knowledge of the patent … since at least the time of the filing of the Complaint and, because the Complaint alleges that the infringement is on-going, that it is plausible that some induced infringement has occurred during the pendency of this case). MTel has also shown that there is no requirement to plead pre-suit knowledge of the patent in support of a claim of contributory infringement. *See id*. at *2 (finding that "there is no requirement to allege pre-suit knowledge of the patent to state a claim for contributory infringement" and holding there is no reason to suggest "that the Complaint itself is not sufficient to provide knowledge of the asserted patents for alleged acts of contributory infringement occurring during the pendency of the case"). Amazon rests its argument concerning knowledge of willful infringement on the arguments it put forth regarding knowledge of induced or contributory infringement. MTel has shown that the Eastern District has no such requirement. Therefore, Amazon's argument that MTel must plead pre-suit knowledge of the patents in order to claim willful infringement must also fall.

## II.  CONCLUSION

For at least the reasons stated above, MTel respectfully requests this Court deny Amazon.com Inc.'s Motion to Dismiss Plaintiff Mobile Telecommunication Technologies, LLC's Claims for Indirect and Willful Infringement for Failure to State a Claim (Dkt. No. 14).

| | |
|---|---|
| Dated:  February 13, 2014 | Respectfully Submitted, |
| | */s/ Craig S. Jepson* |
| | Daniel R. Scardino |
| | Texas State Bar No. 24033165 |
| | Craig S. Jepson |
| | Texas State Bar No. 24061364 |
| | John L. Hendricks |
| | Texas State Bar No. 00785954 |
| | Dustin L. Taylor |
| | Texas State Bar No. 24088510 |
| | **REED & SCARDINO LLP** |
| | 301 Congress Avenue, Suite 1250 |
| | Austin, TX  78701 |
| | Tel. (512) 474-2449 |
| | Fax (512) 474-2622 |
| | dscardino@reedscardino.com |
| | cjepson@reedscardino.com |
| | jhendricks@reedscardino.com |
| | dtaylor@reedscardino.com |
| | |
| | Deron Dacus |
| | Texas State Bar No. 00790553 |
| | **THE DACUS FIRM, P.C.** |
| | 821 ESE Loop 323, Suite 430 |
| | Tyler, Texas 75701 |
| | 903-705-1117 (phone & fax) |
| | ddacus@dacusfirm.com |
| | |
| | **ATTORNEYS FOR PLAINTIFF** |
| | **MOBILE TELECOMMUNICATIONS** |
| | **TECHNOLOGIES, LLC** |

**CERTIFICATE OF SERVICE**

  The undersigned certifies that on this 13th day of February, 2014, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3). Any other counsel of record will be served by a facsimile transmission and/or first class mail.

                */s/ Craig S. Jepson*
                Craig S. Jepson